UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND, and TRUSTEES RONALD E. POWELL, ROBERT O'TOOLE, ROBERT WILSON, BRIAN JORDAN, DONALD G. SCHAPER, WILLIAM R. SEEHAFER, <br><br> Plaintiffs, <br><br> v. <br><br> NORRENBERNS FOODS, INC., <br><br> Defendant. | Case No. |

## COMPLAINT

Now Come Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees, Ronald E. Powell, Robert O'Toole, Robert Wilson, Brian Jordan, Donald G. Schaper, William R. Seehafer ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Norrenberns Foods, Inc. ("Norrenberns" or "Defendant") allege as follows:

## INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and attorney's fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement.

2. The Pension Fund also seeks injunctive relief pursuant to ERISA and the LMRA, to enjoin the prospective failure of Defendant to make contributions due to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement")

3. The Pension Fund further seeks a money judgment to collect partial withdrawal liability in the amount assessed against Defendant pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e).

4. Finally, The Pension Fund seeks to Confess Judgment on behalf of Defendant pursuant the terms of an executed Promissory Note between the Pension Fund and Defendant.

## JURISDITION AND VENUE

5. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

6. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Pension Fund is administered in this judicial district at 9801 W. Higgins Road, Rosemont, Illinois 60018.

## PARTIES

7. The Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

2

8. The Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are also the plan sponsor within the meaning of ERISA § 3(16), and have authorized this lawsuit.

9. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1451, and 29 U.S.C. § 185, the Pension Fund is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

10. Norrenberns is an Illinois corporation that does business at 411 Corrington Place, Mascoutah, Illinois 62258.

11. Norrenberns, at all times material, has been an employer within the meaning of 29 U.S.C. 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## FACTUAL ALLEGATIONS

**A. Norrenberns's Delinquent Pension Contributions.**

12. Norrenberns, at all times material, participated in and contributed to, the Plan pursuant to the terms of a Collective Bargaining Agreement ("CBA") between itself and Local 881 United Food and Commercial Workers Union ("Union"). (A true and correct copy of the most recent Collective Bargaining Agreement is attached hereto as Exhibit A).

13. Norrenberns, at all times material, was a party to the terms of the Agreement and Declaration of Trust ("Trust Agreement"). (A true and correct copy of the Trust Agreement is attached hereto as Exhibit B).

14. In addition to the CBA, the Participation Agreement and Trust Agreement require Norrenberns to submit monthly pension contributions to the Fund.

15. The Trust Agreement binds Norrenberns to the Pension Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy"). (A true and correct copy of the Delinquency Policy is attached hereto as Exhibit C).

16. The Delinquency Policy requires Norrenberns to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Pension Fund to charge interest on contributions, and provides for the Pension Fund to charge interest on contributions paid late.

17. By letter dated September 27, 2017, the Pension Fund notified Norrenberns that its August monthly remittance report and Plan contribution were delinquent. (A true and correct copy of the September 27, 2017 letter is attached hereto as Exhibit D).

18. Thereafter, by letter dated October 30, 2017, the Pension Fund notified Norrenberns that its August and September monthly remittance reports and Plan contributions were delinquent. (A true and correct copy of the October 30, 2017 letter is attached hereto as Exhibit E).

19. As of February 2018, Norrenberns has not paid its monthly Plan contributions for the months of August 2017 through January 2018, and continues to owe estimated delinquent contributions, plus interest on the delinquent contributions. Norrenberns has also failed to provide remittance reports for the months of August 2017 through February 2018.

20. As of February 2018, the estimated outstanding Plan contribution delinquency owed by Norrenberns is $35,931.93.

**B. Norrenberns's Partial Withdrawal Liability.**

21. At all times material, Norrenberns owned or partially owned six grocery stores doing business under various names in Illinois that were subject to the CBA and Trust Agreement.

22. At all times material, Norrenberns has sold or closed three of the grocery stores. Accordingly, as a result of Norrenberns selling and closing stores, and discharging employees, the Pension Fund determined there was at least a 35% drop in Norrenberns's contribution base units for the Plan years of 2012, 2013, 2014, and 2015.

23. As a result, Norrenberns incurred partial withdrawal liability for the Plan years of 2012, 2013, 2014, and 2015 pursuant to Section 4205 of ERISA, 29 U.S.C. § 1385(c)(1)(A).

24. By letter dated July 19, 2017, the Pension Fund assessed Norrenberns's partial withdrawal liability for the 2015 Plan year. (A true and correct copy of the Assessment Letter for Plan year 2015 is attached hereto as Exhibit F).

25. The Assessment Letter for Plan year 2015 demanded payment of Norrenberns's partial withdrawal liability, which was calculated as $3,293,379, payable in 240 monthly installments of $15,496.26 commencing on September 1, 2017.

26. By letter dated July 19, 2017, the Pension Fund assessed Norrenberns's partial withdrawal liability for the 2014 Plan year. (A true and correct copy of the Assessment Letter for Plan year 2014 is attached hereto as Exhibit G).

27. The Assessment Letter for Plan year 2014 demanded payment of Norrenberns's partial withdrawal liability, which was calculated as $206,739 payable in 15 monthly installments of $13,584.25, followed by a final partial payment of $7,582.23, commencing on September 1, 2017.

28. By letter dated July 19, 2017, the Pension Fund assessed Norrenberns's partial withdrawal liability for the 2013 Plan year. (A true and correct copy of the Assessment Letter for Plan year 2013 is attached hereto as Exhibit H).

29. The Assessment Letter for Plan year 2013 demanded payment of Norrenberns's partial withdrawal liability, which was calculated as $106,783 payable in 9 monthly installments of $11,246.51, followed by a final partial payment of $6,187.90, commencing on September 1, 2017.

30. By letter dated July 19, 2017, the Pension Fund assessed Norrenberns's partial withdrawal liability for the 2012 Plan year. (A true and correct copy of the Assessment Letter for Plan year 2012 is attached hereto as Exhibit I).

31. The Assessment Letter for Plan year 2012, demanded payment of Norrenberns's partial withdrawal liability, which was calculated as $938,536 payable in 199 monthly installments of $7,847.05, followed by a final partial payment of $5,414.48, commencing on September 1, 2017.

32. In September 2017, Norrenberns notified the Pension Fund that it was considering filing for bankruptcy and would no longer make pension contributions to the Pension Fund.

33. Thereafter, in an email dated September 6, 2017, Norrenberns's attorney informed the Pension Fund's attorney that Norrenberns would not be forthcoming with its withdrawal liability payments because it was considering filing for bankruptcy.

34. In February 2018, the Pension Fund was informed that Norrenberns plans to close its grocery store in Freeburg, Illinois, d/b/a Tom's Supermarket. On information and belief Norrenberns informed Union members at the Freeburg store that the Union is forcing Norrenberns to close the store, and that it will not be able to pay the Pension Fund its owed liabilities.

35. Two days after Norrenberns told Union members it was planning to close the Freeburg store, Norrenberns announced to the public that it was closing its stores in Freeburg and Nashville, Illinois because of the debt it owed to the Pension Fund. Norrenberns's announced it would sell the remaining product it had and then close both stores.

6

36. Under Article XVI of the Plan, "Default" occurs:

"Where after request by the Trustees the Employer is unable to provide adequate assurance, under all the facts and circumstances, that it is likely to pay its Withdrawal Liability."

37. As of February 2018, Norrenberns nor any affiliated person or entity has made any payments toward the assessed partial withdrawal liability.

38. The outstanding partial withdrawal liability for assessments for plan year 2012-2015 due and owing to the Pension Fund is $4,545,437.

### C. Norrenberns Defaulted on its Promissory Note.

39. Article V, Section 3, of the Trust Agreement authorizes the Pension Fund to conduct payroll audits of participating employers.

40. Upon the conclusion of a payroll audit conducted from January 1, 2014 through March 31, 2016, it was determined Norrenberns owed the Pension Fund $95,206.00 (the "Audit Delinquency").

41. The Pension Fund agreed to waive assessed liquidated damages from the Audit Delinquency conditioned upon Norrenberns's execution of a Promissory Note (the "Note"). The Pension Fund and Norrenberns executed the Note on July 13, 2017. (A true and correct copy of the Note and its exhibits are attached hereto as Exhibit J).

42. Under the Note's terms, liability was calculated as $77,778.18 payable in thirty-two installments beginning on September 20, 2017, together with interest (the "Installment Plan"). A condition of the Installment Plan required Norrenberns to make a good faith payment of $5,000 by August 1, 2017.

43. Under the Note's terms, Norrenberns would default on the Note if it failed to complete contribution reports, failed to make its good faith payment, failed to make its current contributions to the Pension Fund, or failed to make its monthly installments.

44. In the event of Norrenberns's default, the Note gives the Pension Fund the right to confess judgment against Norrenberns, whereby the Pension Fund would collect the unpaid balance on the Note, all the interest and liquidated damages owed on that amount, together with the amount of any current contributions owed to the Pension Fund, including interest, liquidated damages, and attorney's fees. Moreover, Norrenberns waived its right of presentment and notice of dishonor requiring the Pension Fund to demand payment of the amounts due. The Note authorizes any attorney of any court of record to appear for Norrenberns and confess judgment.

45. As of February 2018, neither Norrenberns nor any affiliated person or entity has made any payments toward the Note's balance and is in default.

46. The outstanding balance on the Note due and owing to the Pension Fund, together with interest, is $83,553.07.

## Count I
**(Delinquent Contributions in Violation of ERISA and the Trust Agreement)**

47. The Pension Fund realleges and incorporates the paragraphs as if fully set forth herein.

48. The CBA and the Participation Agreement obligate Defendant to pay monthly pension contributions to the Pension Fund. The Delinquency Policy requires Defendant to submit monthly remittance reports with the contributions.

49. Defendant has failed to pay an estimated total of $35,931.93 in contributions owed to the Fund for the period of July 2017 through February 2018.

50. By failing to pay the required monthly contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Trust Agreement.

51. Defendant has failed to provide the required remittance reports for the months of July 2017 through February 2018.

52. By failing to provide monthly remittance reports, Defendant has violated the Delinquency Policy.

53. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the Trust Agreement, and the Participation Agreement, Defendant is liable to the Pension Fund for $35,931.93 in estimated delinquent contributions and remittance reports for the months of July 2017 through February 2018, any contributions that become delinquent or are discovered while this action is pending, plus interest on the delinquent contributions and contributions paid late, liquidated damages in the amount of $35,931.93, together with its reasonable attorney's fees and costs incurred by the Fund in pursuing the delinquent amounts.

## Count II
### (Norrenberns's Partial Withdrawal Liability)

54. The Pension Fund realleges and incorporates the above paragraphs as if fully set forth herein.

55. Under Article XVI of the Plan, "under all the facts and circumstances" a participating employer can default on its assessed partial withdrawal liability if the Pension Fund determines there is a substantial likelihood that the payments will not be made as result of an employer's involvement in bankruptcy or other debtor proceedings adversely affecting the employer's credit.

56. Based on the circumstances described herein, the Pension Fund determined that there was a substantial likelihood that Defendant would not pay its assessed partial withdrawal liability

9

and would soon file for bankruptcy. Accordingly, Defendant has defaulted under the terms of the Plan.

57. Under 29 U.S.C. § 1399(c)(5)(B), because Defendant fell into default under the terms of the Plan, the Pension Fund is entitled to accelerate payment of Defendant's partial withdrawal liability.

58. Accordingly, Defendant is liable to Plaintiffs for the assessed partial withdrawal liability, and associated interest, liquidated damages, and attorney's fees and costs in the amount of $4,545,437.

## Count III
### (Confession of Judgment on the Note)

59. The Pension Fund realleges and incorporates the above paragraphs as if fully set forth herein.

60. Defendant defaulted on the Note when it failed to pay its monthly Plan contributions, submit contribution reports and make payments required by the Installment Plan.

61. In the event of its Default, Defendant authorized the Pension Fund to enforce a Confession of Judgment with any court of record.

62. This Court has jurisdiction to enter a confession of judgment pursuant to the 29 U.S.C. §§ 185 and 1332.

63. Accordingly, the Pension Fund Confesses Judgment on the Promissory Note on behalf of Defendant, and Defendant is liable for the remaining balance on the Note, and associated interest, liquidated damages, and attorney's fees and costs in the amount of $83,553.07.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A. Order Defendant to pay the Pension Fund:

   (1) $35,931.93 in estimated delinquent contributions;

   (2) all interest and liquidated damages due on delinquent contributions accruing from the date the contributions became due and owing until the date paid; and

   (3) additional amounts that may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records.

B. Order Defendant to provide the required remittance reports for the months of July 2017 through February 2018;

C. Restrain and enjoin Defendant, its officers, agents, servants, attorneys, successor, assigns, and all persons acting on its behalf or in conjunction with it from:

   (1) refusing to timely file remittance reports due to the Pension Fund for all periods for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement; or

   (2) failing or refusing to pay to Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Pension Fund for which Defendant is obligated to make payments under the terms of the Agreement.

D. Enter an order declaring Defendant liable for the assessed partial withdrawal liability;

E. Order Defendant to pay the Pension Fund $4,545,437 for the outstanding assessed partial withdrawal liability, plus interest and liquidated damages;

F. Enter a Confession of Judgment holding Defendant liable for the balance owed on the Promissory Note;

G. Order Defendant to pay the remaining balance on the Promissory Note in the amount of $83,553.07, including any interest, and liquidated damages;

H. Order Defendant to pay the Pension Fund's reasonable attorney's fees and cost incurred in the prosecution of this action; and

I. Award Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Joseph C. Torres
Joseph C. Torres
Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com